UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EQUAL EMPLOYMENT OPPORTUNITY       :
COMMISSION,                         :
                                    :
            PLAINTIFF,              :   CIVIL ACTION NO.
                                    :
      v.                            :
                                    :
LABOR READY,                        :   COMPLAINT AND
                                    :   JURY DEMAND
            DEFENDANT.              :
-----------------------------------------------------------------X

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Charging Party Kimberly Latorrey. As charged with greater specificity below, Plaintiff Equal Employment Opportunity Commission alleges that Defendant Labor Ready did not promote Ms. Latorrey because of her sex, female.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 701(k), 706(f)(1), and 706(f)(3) of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e et seq. ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a ("CRA 1991").

2. The unlawful employment practices were and are now being committed

within the jurisdiction of the United States District Court for the Northern District of New York.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission ("EEOC") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e - 5(f)(1) and (3).

4. At all relevant times, Defendant Labor Ready has continuously been a New York corporation doing business in the State of New York and the County of Broome, and has continuously had at least 15 employees.

5. At all relevant times Defendant Labor Ready has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Kimberly Latorrey filed a charge with the Commission alleging violations of Title VII by Labor Ready. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March, 2002, Defendant Labor Ready has discriminated against Kimberly Latorrey on the basis of her sex, female, in violation of Sections 701(k), 706(f)(1), and 706(f)(3) Title VII, 42 U.S.C. §2000e et seq., by failing to promote her beyond the position of Customer Service Representative II ("CSR" II).

8. Labor Ready first hired Ms. Latorrey as a CSR I in August, 1998. She worked as a CSR I until April, 1999, when she voluntarily resigned.

9. In June, 2000 Ms. Latorrey was rehired as a CSR I in Labor Ready's Binghamton, New York office. In July, 2001 Labor Ready promoted Ms. Latorrey to a CSR II position. Since at least March, 2002, Ms. Latorrey told Labor Ready District Manager Christopher Harvey that she was interested in becoming a Branch Manager.

10. In September, 2002, District Manager Harvey promoted a male, Jeffrey Lewis, who was less qualified than Ms. Latorrey, to be Branch Manager of Labor Ready's Schenectady, New York office. District Manager Harvey did not promote Ms. Latorrey because of her sex, female, in violation of Sections 701(k), 706(f)(1), and 706(f)(3) Title VII, 42 U.S.C. §2000e et seq.

11. In January, 2003, when Mr. Lewis abandoned his job, District Manager Harvey again did not promote Ms. Latorrey. Instead, District Manager Harvey hired Steven Babin, a less qualified male, as Branch Manager of Labor Ready's Schenectady office, in violation of Sections 701(k), 706(f)(1), and 706(f)(3) Title VII, 42 U.S.C. §2000e et seq.

12. Thus, between March, 2002 until she left Labor Ready in May, 2003, Ms. Latorrey was not promoted because of her sex, female, in violation of Sections 701(k), 706(f)(1), and 706(f)(3) Title VII, 42 U.S.C. §2000e et seq.

13. The effect of the practices complained of above has been to deprive Ms. Latorrey of equal employment opportunities and to otherwise adversely affect her status as an employee because her sex.

14. The unlawful employment practices complained of above were and are

intentional.

15. The unlawful employment practices complained of above were and are willful and done with malice or with reckless indifference to the federally protected rights of Ms. Latorrey.

### PRAYER FOR RELIEF

The Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Labor Ready, its officers, successors, assigns and all persons in active concert or participation with it from engaging in any employment practices which discriminate on the basis of sex.

B. Order Defendant Labor Ready to institute and carry out policies, practices and programs which provide equal employment opportunities for female employees, and which eradicate the effects of Defendant Labor Ready's past and present unlawful employment practices.

C. Order Defendant Labor Ready to make whole Kimberly Latorrey by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of defendant Labor Ready' unlawful employment practices.

D. Order Defendant Labor Ready to make whole Kimberly Latorrey by providing compensation for past and future pecuniary losses in amounts to be determined at trial.

E. Order Defendant Labor Ready to make whole Kimberly Latorrey by

4

providing compensation for past and future non-pecuniary losses, including pain, suffering, and humiliation in amounts to be determined at trial.

  F. Order Defendant Labor Ready to pay Kimberly Latorrey punitive damages for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper.

  H. Award the EEOC its costs in this action.

## **JURY DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated:   New York, New York
         May 26, 2005

                                    Respectfully submitted,

                                    Eric S. Dreiband
                                    General Counsel

                                    James L. Lee
                                    Deputy General Counsel

                                    Gwendolyn Young Reams
                                    Associate General Counsel

                                    EQUAL EMPLOYMENT OPPORTUNITY
                                    COMMISSION
                                    1801 "L" Street, N.W.
                                    Washington, D.C. 20507

                                    _____
                                    Elizabeth Grossman
                                    Acting Regional Attorney

                                    _____
                                    Lisa Sirkin
                                    Supervisory Trial Attorney

                                    _____
                                    Michael J. O'Brien (Bar ID 512040)
                                    Senior Trial Attorney

                                    New York District Office
                                    33 Whitehall Street, 5th Floor
                                    New York, NY 10004-2112
                                    Phone:   (212) 336-3694
                                    Fax::    (212) 336-3623
                                    e-mail:  michael.obrien@eeoc.gov